UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
MR. HARRY BERROA,                    :
                                     :
        Plaintiff,                   :   Civ. No. 13-4789 (NLH)
                                     :
    v.                               :   OPINION
                                     :
DONNA ZICKEFOOSE, et al.,            :
                                     :
        Defendants.                  :
_____:

APPEARANCES:
Harry Berroa, #62268-066
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff Pro se

Plaintiff Harry Berroa, an inmate currently confined at the Federal Correctional Institution in Fort Dix, New Jersey, filed this civil rights action, (ECF No. 1), alleging negligence and inadequate medical care which resulted in an injury and a permanent disability to a finger on Plaintiff's right hand. On June 8, 2015, the Court granted Plaintiff's request to proceed in forma pauperis, (ECF No. 5), and his Complaint was filed. Plaintiff names as defendants: Warden Donna Zickefoose; FBOP Fort Dix; H.S.A. Ms. M. Baker; John Chung, M.D.; Ed Magallon, M.L.P.; and the United States of America.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). For the reasons set forth below, Plaintiff's claims will be DISMISSED in part and will be permitted to PROCEED in part.

## I.  BACKGROUND

The following allegations are taken from Plaintiff's Complaint and, for purposes of this review, are accepted as true. Plaintiff contends that on May 11, 2011, while ascending an unmarked and wet stairway, he fell and injured his third finger on his right hand. Plaintiff was in severe pain and was taken to receive medical services. He was examined by Dr. Chung who advised Plaintiff that surgery would be needed. An x-ray was conducted which revealed a fracture and dislocation of Plaintiff's third finger on his right hand. After the x-ray, Dr. Chung attempted to manipulate the finger to reduce the dislocation. He made three unsuccessful attempts at manipulation.

Dr. Chung then took a second x-ray of Plaintiff's finger and again indicated that surgery would be needed. On May 12,

2011, Dr. Click, an orthopedist who was at the facility for a routine visit, met with Plaintiff. Dr. Click confirmed the need for surgery and advised medical staff to schedule same.

In the days leading up to the surgery, Plaintiff was in severe pain. He reported back to medical services and his pain medication was increased.

The surgery took place on May 18, 2011 at St. Francis Hospital. However, Plaintiff states that the surgery was unsuccessful in fully restoring his range of motion.

Following surgery, Plaintiff again experienced an increase in pain. On May 19, 2011, he reported back to medical services to have his prescribed medication dosage increased. Plaintiff states that this pain was constant for eight days after the surgery.

On July 1, 2011, Plaintiff states he was told by another orthopedic specialist at a post-surgery follow-up appointment that the loss of range of motion to his hand and finger was permanent. Plaintiff asserts that physical therapy was ordered, but that this treatment was never provided despite his requests.

Plaintiff also contends that his medical records are inaccurate and incomplete. Specifically, the records do not report that he slipped on a wet stairway, nor do they reflect Dr. Chung's attempted manipulation of his finger. Plaintiff also alleges that the records incorrectly report that M.L.P.

Magallon provided the treatment.  Plaintiff states that he reported these errors to H.S.A. Baker, and then filed administrative remedies in an attempt to correct the information contained in the records.  He states that he has been erroneously denied his requested relief.  Plaintiff also states that he filed a tort claim which was erroneously denied.

Plaintiff seeks relief in the amount of five million dollars.

## II.  STANDARD OF REVIEW

### A. STANDARD FOR SUA SPONTE DISMISSAL

Per the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e.  The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir.2012) (per curiam) (discussing 42 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).  That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), as clarified by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Finally, pro se pleadings will be liberally construed. Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## III. ANALYSIS

In his Complaint, Plaintiff does not clearly identify his claims nor does he set forth the statutes or authorities under which he asserts them. However, Plaintiff makes reference to a "tort claim," (Compl. 8, ECF No. 1), and the attachments to his Complaint reference the Federal Tort Claims Act ("FTCA"), (Compl. 43, Ex. G-5, ECF No. 1). Therefore, it appears that Plaintiff means to assert a claim pursuant to the FTCA.

Plaintiff's Complaint also makes frequent reference to the adequacy of the medical care he received. Additionally, Plaintiff has named individual federal employees as defendants. Therefore, construing Plaintiff's Complaint liberally, as this Court must, see Mala, 704 F.3d at 245, it appears that Plaintiff also means to assert claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging inadequate medical care in violation of the Eighth Amendment.

A. BIVENS CLAIMS

To the extent Plaintiff's has asserted claims pursuant to Bivens, these claims must be dismissed as time-barred. See McPherson v. United States, 392 F. App'x 938, 943 (3d Cir. 2010) (holding that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A); see also Smith-Harper v. Thurlow, No. 15-1254, 2015 WL 3401419, at *3 (D.N.J. May 26, 2015).

1. STATUTE OF LIMITATIONS

Like civil rights claims brought pursuant to 42 U.S.C. § 1983, the statute of limitations for Bivens claims is taken from the forum state's personal injury statute. Hughes v. Knieblher, 341 F. App'x 749, 752 (3d Cir. 2009); see also Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1087 n. 3 (3d Cir. 1988) (noting that the same statute of limitations applies to both Bivens and § 1983 claims).  New Jersey's statute of limitations for personal injury causes of action is two years. N.J. Stat. Ann. § 2A:14-2.

A Bivens claim accrues when the plaintiff knows, or has reason to know, of the injury that forms the basis of the action. Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

In this case, Plaintiff's claims for inadequate care are related to an incident which occurred on May 11, 2011. (Compl. 6, ECF No. 1).  Plaintiff clarifies in section "II" of his Complaint that his claims are specifically based on the immediate response to his injury — the "emergency intervention" — and on Dr. Chung's manipulation of his finger, both of which occurred on May 11, 2011. (Compl. 8, ECF No. 1).  Even construing Plaintiff's Complaint liberally, the most recent date that he provides relating to his inadequate medical care claim is July 11, 2011, the date on which he inquired about physical therapy. (Compl. 26, Attach. B-4, Line 14, ECF No. 1).  Thus, the two-year statute of limitations for a Bivens claim based on these events expired — at the latest — on July 11, 2013.

Plaintiff's Complaint, however, is dated August 1, 2013. (Compl. 5, ECF No. 1).  As such, it was filed beyond the two-year statute of limitations and Plaintiff has not offered any reason why the statute of limitations should be tolled. Accordingly, Plaintiff is barred by the statute of limitations from pursuing his Eighth Amendment claims based on the treatment he received for his finger injury.

B. FTCA CLAIMS

The United States has sovereign immunity except where it consents to be sued. Circuit. United States v. Bormes, 133 S. Ct. 12, 16, 184 L. Ed. 2d 317 (2012); United States v. Mitchell,

463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). In the absence of such a waiver of immunity, Plaintiff cannot proceed in an action for damages against the United States. See FDIC v. Meyer, 510 U.S. 471, 484-87, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401, 2671, et seq., constitutes a limited waiver of the sovereign immunity of the United States. 28 U.S.C. § 2679(b)(1); White-Squire v. United States Postal Service, 592 F.3d 453, 456 (3d Cir. 2010). The Federal Tort Claims Act gives a district court exclusive jurisdiction over civil actions:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) (quoting 28 U.S.C. § 1346(b)); see also CNA v. United States, 535 F.3d 132, 141 (3d Cir. 2008) (quoting FDIC v. Meyer, 510 U.S. at 477); United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963).

A plaintiff may sue only the United States under the FTCA, and the plaintiff must first present the claims to a federal agency and receive a final decision before filing a lawsuit. 28

U.S.C. §§ 1346(b), 2675(a); <u>McNeil v. United States</u>, 508 U.S. 106, 111, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); see also <u>Coffey v. Fed. Bureau of Prisons</u>, No. 15-231 RMB, 2015 WL 2185518, at *4 (D.N.J. May 11, 2015).

Under the FTCA, a plaintiff must commence an action against the United States within six months of the notice of final denial by the agency to which it was presented. See 28 U.S.C. § 2401(b). In this case, the letter from the Northeast Regional Office which denies Plaintiff's administrative claim under the FTCA is dated February 13, 2013. (Compl. 43, Ex. G-5, ECF No. 1). Plaintiff's Complaint is dated August 1, 2013, less than six months later. Thus, his claims under the FTCA are timely.

Constitutional violations are not cognizable under the FTCA; instead, claims under the FTCA are governed by the substantive tort law of the state where the acts or omissions occurred, here, New Jersey. See <u>Meyer</u>, 510 U.S. at 477-78; <u>Richards v. United States</u>, 369 U.S. 1, 6, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); <u>Webb v. Desan</u>, 250 F. App'x 468 (3d Cir. 2007); <u>Ciccarone v. United States</u>, 486 F.2d 253, 257 (3d Cir. 1973); <u>Acosta v. Schultz</u>, No. 12-6614, 2014 WL 886888, at *9 (D.N.J. Mar. 6, 2014).

Here, Plaintiff does not explicitly state the cause, or causes, of action he intends to assert under the FTCA. However, in his Complaint, he alludes to a claim of negligence for

"having a wet stairway with no warning sign" which "caused the fall and injury to [his] finger." (Compl. 8, ECF No. 1).  In addition, the attachment to his Complaint indicates that he previously filed an administrative claim under the FTCA alleging that he received inadequate medical care. (Compl. 43, Ex. G-5, ECF No. 1).  Construing Plaintiff's Complaint liberally then, it appears that he means to assert claims against the United States for negligence and for medical malpractice.

Furthermore, Plaintiff has set forth facts which, when construed liberally, allege a breach of a duty, a deviation from the applicable standard of care, proximate cause and damages. See generally Natale v. Camden County Correctional Facility, 318 F.3d 575, 579 and n. 3 (3d Cir. 2003); Weinberg v. Dinger, 106 N.J. 469, 484, 524 A.2d 366 (1987) (setting forth elements of the tort of negligence under New Jersey law); see also Corral v. United States, No. CIV.A. 12-6220 JBS, 2013 WL 4540919, at *3 (D.N.J. Aug. 27, 2013) (setting forth elements for a tort action for medical malpractice under New Jersey law) (citing N.D. ex rel. P.D. v. Rosen, 2011 WL 2410332, *8 (N.J. Super. App. Div. June 13, 2011) (citations omitted)).  Accordingly, assuming Plaintiff has met the prerequisites for filing suit under the FTCA, his claims for negligence and medical malpractice under the FTCA may proceed at this time.

C. PROPER DEFENDANTS

As set forth above, only Plaintiff's claims under the FTCA are permitted to proceed.  In a suit pursuant to the FTCA, the only proper defendant is the United States. See Murchison v. Warden Lewisburg USP, 566 F. App'x 147, 150 (3d Cir. 2014) (citations omitted).  Accordingly, Defendants Zickefoose, Fort Dix, Baker, Chung, and Magallon will be dismissed.

IV.   CONCLUSION

For the reasons set forth above, Plaintiff's claims for inadequate medical care under Bivens will be dismissed as time-barred by the statute of limitations and Defendants Zickefoose, Fort Dix, Baker, Chung, and Magallon will be dismissed.

Plaintiff's claims for negligence and medical malpractice under the FTCA will be permitted to proceed against the United States.

An appropriate Order follows.

    s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: September 25, 2015

At Camden, New Jersey