UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                :
MR. HARRY BERROA,               :
                                :
          Plaintiff,            :    Civ. No. 13-4789 (NLH)
                                :
     v.                         :    OPINION
                                :
DONNA ZICKEFOOSE, et al.,       :
                                :
          Defendants.           :
_____:

APPEARANCES:
Harry Berroa, #62268-066
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
     Plaintiff Pro se


     This matter is presently before the Court upon receipt of a
motion (ECF No. 17) by Plaintiff seeking reconsideration of this
Court's September 25, 2015 Opinion and Order (ECF Nos. 7, 8).
For the reasons set forth below, the motion will be DENIED.
However, because his claims were dismissed without prejudice,
Petitioner remains free to amend his Complaint.

          I.   BACKGROUND AND PROCEDURAL HISTORY

     Plaintiff Harry Berroa, an inmate currently confined at the
Federal Correctional Institution in Fort Dix, New Jersey, filed
this civil rights action, (ECF No. 1), alleging negligence and
inadequate medical care which resulted in an injury and a
permanent disability to a finger on Plaintiff's right hand.  On

June 8, 2015, the Court granted Plaintiff's request to proceed

in forma pauperis, (ECF No. 5), and his Complaint was filed.

As summarized in this Court's September 25, 2015 Opinion,

in his Complaint, Plaintiff alleges the following:

> [O]n May 11, 2011, while ascending an unmarked and wet
> stairway, he fell and injured his third finger on his
> right hand.  Plaintiff was in severe pain and was
> taken to receive medical services.  He was examined by
> Dr. Chung who advised Plaintiff that surgery would be
> needed.  An x-ray was conducted which revealed a
> fracture and dislocation of Plaintiff's third finger
> on his right hand.  After the x-ray, Dr. Chung
> attempted to manipulate the finger to reduce the
> dislocation.  He made three unsuccessful attempts at
> manipulation.
>
> Dr. Chung then took a second x-ray of Plaintiff's
> finger and again indicated that surgery would be
> needed.  On May 12, 2011, Dr. Click, an orthopedist
> who was at the facility for a routine visit, met with
> Plaintiff.  Dr. Click confirmed the need for surgery
> and advised medical staff to schedule same.
>
> In the days leading up to the surgery, Plaintiff was
> in severe pain.  He reported back to medical services
> and his pain medication was increased.
>
> The surgery took place on May 18, 2011 at St. Francis
> Hospital.  However, Plaintiff states that the surgery
> was unsuccessful in fully restoring his range of
> motion.
>
> Following surgery, Plaintiff again experienced an
> increase in pain.  On May 19, 2011, he reported back
> to medical services to have his prescribed medication
> dosage increased.  Plaintiff states that this pain was
> constant for eight days after the surgery.
>
> On July 1, 2011, Plaintiff states he was told by
> another orthopedic specialist at a post-surgery
> follow-up appointment that the loss of range of motion
> to his hand and finger was permanent.  Plaintiff
> asserts that physical therapy was ordered, but that

this treatment was never provided despite his
requests.

Plaintiff also contends that his medical records are
inaccurate and incomplete.  Specifically, the records
do not report that he slipped on a wet stairway, nor
do they reflect Dr. Chung's attempted manipulation of
his finger.  Plaintiff also alleges that the records
incorrectly report that M.L.P. Magallon provided the
treatment.  Plaintiff states that he reported these
errors to H.S.A. Baker, and then filed administrative
remedies in an attempt to correct the information
contained in the records.  He states that he has been
erroneously denied his requested relief.  Plaintiff
also states that he filed a tort claim which was
erroneously denied.

(Opinion 2-4, Sept. 25, 2015, ECF No. 7).

This Court then reviewed the Complaint to determine whether
it should be dismissed as frivolous or malicious, for failure to
state a claim upon which relief may be granted, or because it
seeks monetary relief from a defendant who is immune from such
relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions);
28 U.S.C. § 1915A (actions in which prisoner seeks redress from
a governmental defendant); 42 U.S.C. § 1997e (prisoner actions
brought with respect to prison conditions).  As a result of the
Court's sua sponte screening, Plaintiff's tort claims for
negligence and medical malpractice under the FTCA were permitted
to proceed against the United States.  However, claims for
inadequate medical care under Bivens v. Six Unknown Named Agents
of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29
L.Ed.2d 619 (1971) were dismissed without prejudice as time-

barred by the statute of limitations, and Defendants Zickefoose, Fort Dix, Baker, Chung, and Magallon were dismissed without prejudice.

Specifically, this Court noted that Plaintiff's <u>Bivens</u> claims for inadequate care were related to an incident which occurred on May 11, 2011 (Compl. 6, ECF No. 1), and that the latest date provided in the Complaint which related to his inadequate medical care claim was July 11, 2011 (Compl. 26, Attach. B-4, Line 14, ECF No. 1).  Because the statute of limitations for <u>Bivens</u> claims is taken from the forum state's personal injury statute, <u>see</u> <u>Hughes v. Knieblher</u>, 341 F. App'x 749, 752 (3d Cir. 2009), and because New Jersey's statute of limitations for personal injury causes of action is two years, <u>see</u> N.J. Stat. Ann. § 2A:14-2, Plaintiff's two-year statute of limitations for filing a civil action asserting these claims under <u>Bivens</u> expired — at the latest — on July 11, 2013. <u>See also</u> <u>Sameric Corp. v. City of Philadelphia</u>, 142 F.3d 582, 599 (3d Cir. 1998) (holding that a <u>Bivens</u> claim accrues when the plaintiff knows, or has reason to know, of the injury that forms the basis of the action).  Plaintiff's Complaint, however, was dated August 1, 2013. (Compl. 5, ECF No. 1).  Accordingly, this Court determined that the Complaint was filed beyond the two-year statute of limitations, and the <u>Bivens</u> claims were dismissed without prejudice.  In reaching this determination,

this Court noted that Plaintiff did not offer any reason why the statute of limitations for his claims under <u>Bivens</u> should be tolled.

Rather than amending his Complaint to set forth an argument in favor of tolling of the applicable statute of limitations, Plaintiff filed a Notice of Appeal. (ECF No. 11).  While the appeal was pending before the Third Circuit, Plaintiff the instant Motion for Reconsideration (ECF No. 17).  In a Certified Order dated March 3, 2016, the Third Circuit dismissed the appeal for lack of jurisdiction because the order appealed from was not final or appealable. (ECF No. 20).  This Court now addresses Plaintiff's pending motion.

II.   <u>DISCUSSION</u>

A. <u>Motion for Reconsideration</u>

Plaintiff does not identify the rule under which he has filed the instant motion.  Motions for reconsideration may be filed under Federal Rules of Civil Procedure 59(e) or 60(b) and, although these rules "serve similar functions, each has a particular purpose." <u>United States v. Fiorelli</u>, 337 F.3d 282, 288 (3d Cir. 2003).  Specifically,

> Rule 60(b) provides six bases for reconsideration, including "mistake, inadvertence, surprise, or excusable neglect" as alleged by Fiorelli. FED. R. CIV. P. 60(b)(1).  In contrast, Rule 59(e) permits the filing of a motion to alter or amend a judgment. A motion under Rule 59(e) is a "device to relitigate the

5

original issue" decided by the district court, and
used to allege legal error.

<u>Fiorelli</u>, 337 F.3d at 288 (citations omitted).

Here, Plaintiff alleges that this Court erred when it
determined that Plaintiff's <u>Bivens</u> claims were initiated beyond
the two-year statute of limitations. (Mot. 4, ECF No. 17).
Essentially, Plaintiff argues that, because he began his
administrative grievance process shortly after his injury, he
"commenced his claim well within the two-year statute-of-
limitations period." (<u>Id.</u> at 5).  Therefore, Plaintiff alleges
more than an inadvertent mistake by the Court, and instead
asserts that the Court committed an error of law.  Because "a
Rule 60(b) motion may not be used as a substitute for an appeal,
and [because] legal error, without more does not warrant relief
under that provision," this Court will deem Plaintiff's motion
as a request under Rule 59(e). <u>Fiorelli</u>, 337 F.3d at 288
(citation and quotations omitted) (holding that the function of
the motion dictates which Rule is applicable).

A Rule 59(e) motion, however, must be filed within 28 days
after entry of the judgment. <u>See</u> FED. R. CIV. P. 59(e). <u>See also</u>
Local Civil Rule 7.1(i) ("Unless otherwise provided by statute
or rule (such as FED. R. CIV. P. 50, 52 and 59), a motion for
reconsideration shall be served and filed within 14 days after
the entry of the order or judgment on the original motion by the

6

Judge or Magistrate Judge.").  In this case, the Order which Plaintiff challenges was entered on September 25, 2015, and the instant motion is dated December 18, 2015 — 84 days later. Therefore, it was filed beyond the time period prescribed by Rule 59(e) as well as Local Civil Rule 7.1(i) and will therefore be denied as untimely.[1]

The Court notes that even if Plaintiff's motion had been timely filed, it would nevertheless be denied.  "A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (internal citations and quotations omitted).  Plaintiff has failed to establish that any of these grounds are applicable to his case.

---

[1] The instant motion was filed within the one-year time period permitted for motions filed under Rule 60(b). See FED. R. CIV. P. 60(c).  This Court notes that the Third Circuit has held that where a "motion is filed outside of the [time period] provided for under Rule 59(e) but within the year permitted under Rule 60(b), and the motion may be read to include grounds cognizable under the latter rule, we will consider it to have been filed as a Rule 60(b) motion." Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002).  However, as set forth above, the instant motion clearly asserts an error of law and, as such, cannot be read to assert "mistake" or any other basis under Rule 60(b) as a ground for reconsideration. See (Mot. 4, ECF No. 17) ("This decision is in error.").

First, as set forth above, Plaintiff filed the Complaint on August 1, 2013.[2] (Compl. 5, ECF No. 1).  Contrary to Plaintiff's assertions in the instant motion, the date he filed his Complaint is the date on which Plaintiff "commenced" his civil action for purposes of the statute of limitations, see, e.g., Wooden v. Eisner, 143 F. App'x 493, 494 (3d Cir. 2005), — not the date on which he filed his first administrative remedy request (Mot. 5, ECF No. 17).  Therefore, there is no clear error of law or fact, and Plaintiff's assertion does not provide a basis for reconsideration.

Further, "when evidence is not newly discovered, a party may not submit that evidence in support of a motion to reconsider. . . ." Pavlik v. Lane Ltd./ Tobacco Exp. Int'l, 135 F.3d 876, 882 n.2 (3d Cir. 1998) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  In the motion presently before the Court, Plaintiff states that "[f]ollowing his injury on May 11, 2011, Berroa immediately filed an Administrative Remedy[,]" and Plaintiff contends that he exhausted all available state remedies. (Mot. 4, 5, ECF No. 17). Therefore, Plaintiff has essentially set forth an argument in

---

[2] Pursuant to the prison mailbox rule, a pro se prisoner submission is deemed filed on the date the pro se prisoner delivers the notice to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 275, 108 S. Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988).

support of tolling the statute of limitations for his Bivens claims.  However, this argument relies on evidence which was previously available to Plaintiff and, thus, is not "newly discovered."  Because this information was not before the Court at the time Plaintiff initially filed his Complaint[3], this Court would not consider this evidence in ruling upon Plaintiff's motion, and it would not provide a basis for reconsideration.

Finally, to the extent Plaintiff seeks reconsideration of the Court's September 25, 2015 Order to prevent manifest injustice, the Court notes that no such injustice has occurred. As discussed earlier, the previous dismissal of Plaintiff's Bivens claims was without prejudice.  Accordingly, Plaintiff remains free to amend his Complaint to assert an argument in support of tolling of the statute of limitations.  Indeed, the Third Circuit has "recently held that statute of limitations is tolled while an inmate exhausts administrative remedies." Bullock v. Buck, 611 F. App'x 744, 746 (3d Cir. 2015) (citing Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 603 (3d Cir. 2015)).  Therefore, to the extent Plaintiff wishes to reassert

---

[3] The Court notes that because Plaintiff specifically alleged in his Complaint that he "moved through the administrative remedy process to have the [errors in his medical] records corrected" (Compl. 8, ECF No. 1), these statements — and the attached grievance forms through which Plaintiff sought to correct his medical records — did not provide evidence that Plaintiff had exhausted his administrative remedies with respect to his claims of inadequate medical care.

claims under <u>Bivens</u> which he believes are timely because the statute of limitations was tolled while he exhausted his administrative remedies, Plaintiff may submit an amended complaint which clearly and concisely sets forth this argument as well as <u>all</u> grounds for relief he wishes to assert in this action.

   B. <u>Inmate Trust Account Withdrawals</u>

   Finally, Plaintiff submitted a letter dated January 26, 2016 (ECF No. 18) in which he asks for help regarding money being withdrawn from his prisoner trust account.  Specifically, Plaintiff wishes this Court to clarify to prison officials that the amount owed to the Court is $350.00, and not $505.00. Plaintiff is correct in his assertion that this Court assessed him a filing fee in the amount of $350.00. (ECF No. 5). However, the fee of $505.00 is not related to the instant action.  Instead, the $505.00 being withdrawn from Plaintiff's account represents the fee assessed by the United States Court of Appeals for the Third Circuit as a result of the appeal filed by Plaintiff. (ECF No. 15).  Accordingly, no action is required by this Court with respect to the $505.00 fee.

III. <u>CONCLUSION</u>

   For the reasons set forth above, Plaintiff's Motion for Reconsideration (ECF No. 17) will be DENIED.  Plaintiff remains free to file an Amended Complaint which, in addition to

including any and all claims he wishes to assert in the instant action, may include allegations that support tolling the statute of limitations applicable to claims filed under Bivens.[4]

An appropriate Order follows.


s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: April 6, 2016

At Camden, New Jersey

---

[4] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases). See also 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.