UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
HARRY BERROA,                       :
                                    :
        Plaintiff,                  :   Civ. No. 13-4789 (NLH)
                                    :
    v.                              :   MEMORANDUM ORDER
                                    :
DONNA ZICKEFOOSE, et al.,            :
                                    :
        Defendants.                 :
_____:

APPEARANCES:
Harry Berroa, #62268-066
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff Pro se

HILLMAN, District Judge

   IT APPEARING THAT:

   1.  Plaintiff Harry Berroa ("Plaintiff"), an inmate currently confined at the Federal Correctional Institution in Fort Dix, New Jersey, filed this civil action alleging negligence and inadequate medical care which resulted in an injury and a permanent disability to a finger on Plaintiff's right hand.  (ECF No. 1.)

2. After conducting its initial screening of the Complaint, the Court dismissed Plaintiff's Bivens[1] claims without prejudice as time barred and permitted his Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401, 2671, et seq. ("FTCA") claims to proceed. (ECF Nos. 7, 8.)

3. Plaintiff thereafter filed a motion for leave to file an amended complaint, which put forth tolling arguments for his previously-dismissed Bivens claims. (ECF No. 32.) On August 26, 2016, the Court denied the motion without prejudice because Plaintiff failed to attach a copy of his amended complaint. (ECF No. 36.)

4. On November 17, 2016, Plaintiff filed the instant Motion for Leave to File an Amended Complaint. (Mot., ECF No. 41.) In said Motion, Plaintiff argues that the statute of limitations for his Bivens claims should be tolled because he was exhausting his claims through the administrative remedy process. (Mot. 2-3.)

5. Plaintiff also re-asserts his claims from the original Complaint. However, he provides substantially less facts in his proposed Amended Complaint. Specifically, he does not allege any facts about the wet stairwell; the lack of responsiveness to his

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

2

pain after the attempted re-set of the finger; and denial of physical therapy.

6. As this Court previously advised Plaintiff, when submitting a motion to amend, he should "attach[] to such a motion a proposed amended complaint which, in addition to including any and all claims he wishes to assert in the instant action, includes sufficient allegations to support tolling the statute of limitations applicable to claims filed under Bivens." (August 26, 2016 Memorandum Order, ECF No. 36; April 6, 2016 Opinion, ECF No. 25).

7. While the Court cannot rule out the possibility that Plaintiff intended to omit the facts identified above, given his pro se status, the Court will provide Plaintiff with an opportunity to advise the Court as to whether he wishes for it to consider the current proposed amended complaint as his all-inclusive complaint for purposes of his Motion to Amend.2  If Plaintiff would like the Court to decide his motion based the currently pending proposed amended complaint, he shall state such in a letter.  If there are other factual allegations which Plaintiff intended for the Court to consider when adjudicating his Motion to Amend which are not included in his currently pending proposed amended complaint, Plaintiff must submit a

---

2 The Court notes that Plaintiff also includes facts in his Reply brief which are not included in his proposed amended complaint.

3

revised proposed amended complaint which contains <u>all</u> claims and facts, and any tolling arguments.

Therefore,

IT IS on this \_\_20th\_\_ day of \_\_June\_\_, 2017,

ORDERED that within 30 days of the day of this Order, if Plaintiff would like the Court to decide his motion based the currently pending proposed amended complaint, he shall state such in a letter; if there are other factual allegations which Plaintiff intended for the Court to consider when adjudicating his Motion to Amend which are not included in his currently pending proposed amended complaint, within 30 days of the date of this Order, Plaintiff must submit a revised proposed amended complaint which contains <u>all</u> claims and facts, and any tolling arguments; and it is further

ORDERED that for case management purposes, the Clerk of the Court shall administratively terminate the pending Motion to Amend (ECF No. 41); upon receipt of Plaintiff's submission advising how he would like to proceed, the Court will address said motion as appropriate; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Opinion and Order upon Plaintiff by regular U.S. mail.

At Camden, New Jersey      s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.