```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
HARRY BERROA,                 :
                              :
        Plaintiff,            :    Civ. No. 13-4789 (NLH)(KMW)
                              :
     v.                       :    OPINION
                              :
UNITED STATES OF AMERICA,     :
                              :
        Defendant.            :
_____:
```

APPEARANCES:

Harry Berroa, No. 62268-066
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff Pro se

Kristin L. Vassallo, Esq.
U.S. Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 071021
    Counsel for Defendants

HILLMAN, District Judge

Plaintiff Harry Berroa, a prisoner presently confined at the Federal Correctional Institution at Fort Dix in Fort Dix, commenced this civil rights action pursuant to the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), seeking redress for an injury he sustained from falling on a wet staircase.  Presently before the Court is Plaintiff's Motion to Amend, ECF No. 69, and his Proposed Amended Complaint, ECF No.

62. For the reasons that follow, the Court will deny the Motion.

BACKGROUND

Plaintiff initiated this civil action by Complaint against individual Defendants Warden Donna Zickfoose, H.S.A. Ms. M. Baker, John Chung, M.D., Ed Magallon, M.L.P., as well as FCI Fort Dix and the United States of America. ECF No. 1. In the Complaint, Plaintiff alleges that he sustained an injury to his finger as a result of falling on a wet stairway. He also alleges that the medical care he received was inadequate. The Court screened the Complaint and allowed only the FTCA claim to proceed against the United States because the Bivens claim was time barred. See ECF Nos. 7 (opinion), 8 (order). Plaintiff has since attempted to file multiple motions to amend and amended complaints. After the Court ordered Plaintiff to file one comprehensive motion to amend and proposed amended complaint, Plaintiff filed the Proposed Amended Complaint, ECF No. 62, which the Court construed as the instant Motion to Amend, ECF No. 69.

In the Proposed Amended Complaint, Plaintiff reasserts his Bivens claims, arguing that they are timely because the statute of limitations was tolled while he was exhausting his administrative remedies. See ECF No. 62 at 6. Plaintiff had

previously attached his administrative remedy forms and responses to his original Complaint.  See ECF No. 1.

Defendants filed an opposition to the Proposed Amended Complaint in which they argue futility because Plaintiff would be unable to sustain the proposed constitutional claims.  ECF No. 44.  Specifically, Defendants argue, inter alia, that the statute of limitations for the Bivens claims cannot be tolled because Plaintiff's administrative grievances did not involve the adequacy of his medical care and that Plaintiff has thus failed to exhaust his administrative remedies.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) permits the amendment of pleadings by leave of court, and such leave "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Whether to permit amendment is left to the discretion of the trial court, and denial is proper when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."  Foman v. Davis, 371 U.S. 178, 182 (1962); Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010).  If the causes of action in the proposed amended complaint fail as a

matter of law, leave to amend should be denied as futile. Ryan v. Collucio, 183 F.R.D. 420, 423 (D.N.J. 1998).

DISCUSSION

The Court must deny the Motion to Amend, ECF No. 69, as amendment would be futile because Plaintiff could not sustain a cause of action for his constitutional claims pursuant to Bivens.

As to the constitutional claims, Plaintiff has failed to exhaust his administrative remedies as to the issues for which he seeks relief--the adequacy of his medical care and the condition of the wet floor on which he slipped. Plaintiff attached to his initial Complaint his administrative remedies, see ECF No. 1, and none of the grievance forms reference or challenge the adequacy of the medical care Plaintiff received as a result of his accident or the condition of the stairway.[1] The administrative remedy forms and appeals filed by Plaintiff are limited only to Plaintiff's desire to correct his medical records. See ECF No. 1.

Plaintiff's failure to exhaust his constitutional claims is fatal to those claims in two ways. First, because Plaintiff

---

[1] Plaintiff attached the administrative grievances to his Complaint. Defendants state in their opposition that Plaintiff has never filed any other administrative remedies concerning the incident and related medical care, and attach an affidavit in support thereof. ECF No. 44 at 14.

4

never filed an administrative remedy regarding the claims he raises in his Proposed Amended Complaint, the statute of limitations was never tolled. As the Court noted in its Opinion and Order dated September 25, 2015, Plaintiff's constitutional claims are time barred because they accrued on or around May 11, 2011, the date of Plaintiff's injury,[2] but Plaintiff did not file his Complaint until August 1, 2013 - well after the two-year statute of limitations had expired. See ECF No. 7 at 7-8 (opinion). Although the statute of limitations for a <u>Bivens</u> claim is tolled while an inmate exhausts administrative remedies, such tolling only applies to claims "based on the conduct challenged in the [administrative] grievance." <u>Bullock v. Buck</u>, 611 F. App'x 744, 747 (3d Cir. 2015). Here, the only issue for which Plaintiff requests a remedy in his administrative grievances and appeals is to correct his medical records. Thus, because those grievances did not seek to exhaust the instant constitutional claims, they have not tolled the statute of limitations for those claims. Plaintiff makes no other argument as to why his untimely claims should be tolled. As such, his constitutional claims brought pursuant to <u>Bivens</u> are untimely.

---

[2] In Plaintiff's original Complaint, Plaintiff alleges that he last inquired about physical therapy on July 11, 2011. Thus, at the very latest, Plaintiff's claims accrued on that date. See ECF No. 7 (opinion) (citing Complaint).

Second, permitting such proposed constitutional claims to proceed would also be futile because Plaintiff has failed to exhaust his administrative remedies as to those claims. Pursuant to the Prison Litigation Reform Act ("PLRA"), a federal inmate may not bring a suit for damages against an individual prison official unless the prisoner first exhausts his administrative remedies. See 42 U.S.C. § 1997(e); Nyhuis v. Reno, 204 F.3d 65, 68-69 (3d Cir. 2000). An inmate must complete the exhaustion process before bringing suit in federal court, see Davis v. Saylor, 629 F. App'x 189, 192 (3d Cir. 2015), and may not see to avoid the PLRA's requirements by claiming that exhaustion would be futile, Nyhuis, 204 F.3d at 71. Here, Plaintiff did not exhaust the issues raised in his Proposed Amended Complaint. Indeed, the Court noted in its opinion denying Plaintiff's Motion for Reconsideration of the dismissal of his constitutional claims as time-barred that the "grievance forms through which Plaintiff sought to correct his medical records . . . did not provide evidence that Plaintiff had exhausted his administrative remedies with respect to his claims of inadequate medical care." ECF No. 25 at 9 n.3. Plaintiff presents no additional evidence to support a claim for exhaustion, and Defendants have confirmed by affidavit that he has filed no grievances seeking to redress the adequacy of his

medical care.  For this additional reason, the Motion to Amend will be denied.

CONCLUSION

For the reasons set forth above, the Motion to Amend, ECF No. 69, will be denied.  Plaintiff may proceed on his original Complaint, ECF No. 1, on the Federal Tort Claims Act claim against the United States pursuant to the Court's Opinion and Order of September 25, 2015, ECF Nos. 7 and 8.  To the extent that the Proposed Amended Complaint, ECF No. 62, provides additional allegations in support of the FTCA claim, Plaintiff may rely on it solely as a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d) for the FTCA claim only.  To the extent that Defendants wish to file a supplemental answer to any allegation relating to the FTCA claim in the Proposed Amended Complaint, they may do so within fourteen (14) days from the date of the corresponding order.  An appropriate Order follows.

Dated: June 29, 2018           s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.